# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| **MICHAEL TYLER DOOLEY,** | * | |
| | * | |
| **Plaintiff,** | * | **Case No: 1:19-CV-00122** |
| | * | |
| **vs.** | * | **JURY DEMANDED** |
| | * | |
| **ASSEMBLERS, INC.,** | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

## FIRST AMENDED COMPLAINT

Michael Tyler Dooley, through counsel, hereby sues Defendant, Assemblers, Inc. For his cause of action, Plaintiff states as follows:

## PARTIES

1.     Plaintiff Michael Dooley is an adult citizen and resident of Hamilton County, Tennessee. Mr. Dooley was employed by Defendant in the position of Customer Service Manager from approximately September of 2013 until his employment ended on April 3, 2018.

2.     Defendant, Assembler's Inc., is a Tennessee corporation with its principle office in Chattanooga, Tennessee. Defendant's Tennessee registered agent is Michael Giaccone, who is located at 3916 Volunteer Drive, Suite 200, Chattanooga, TN 37416-3817. Defendant employed Mr. Dooley at a location in Hamilton County, Tennessee, at times relevant to this Complaint.

1

## JURISDICTION AND VENUE

3.     Jurisdiction and venue are proper in this Court because Defendant is doing business in Hamilton County, Tennessee, and because a substantial part of the events or omissions giving rise to this cause of action occurred in Hamilton County, Tennessee.

## FACTUAL ALLEGATIONS

4.     Upon information and belief, Defendant does business as Assembler's Incorporated in Hamilton County, Tennessee. They provide assembly, delivery, and installation services for individual and residential customers.

5.     Defendant employed Plaintiff as the Customer Service Manager of their Chattanooga location from September 2013 until he was terminated from his position on April 3, 2018.

6.     In 2018, Mr. Dooley experienced health issues including anxiety and panic attacks. Mr. Dooley took PTO in early March of 2018 due to these health issues, but continued to work from home.

7.     On March 5, 2018, Mr. Dooley contacted his employer about the issues he had been experiencing. He was told to take time away from work to sort out his health issues. On March 7, 2018, Mr. Dooley inquired about FMLA and was given FMLA paperwork to take to his doctor.

8.     On March 14, 2018, while Mr. Dooley's FMLA leave approval was pending he received an email from Defendant with an "Offer of Employment" letter attached. The letter offered him the position of account representative, a job with a different title and a lower rate of pay. The listed start date was March 25, 2018.

9.     Mr. Dooley contacted his supervisor, Marcus Hicks to ask about the letter. Mr. Hicks told Mr. Dooley that he was not sure if Mr. Dooley could handle all of the "out of town travel" coming

2

up in Mr. Dooley's job. Mr. Hicks recommended that Mr. Dooley step down as manager. Mr. Dooley told Mr. Hicks he did not want to step down as manager.

10.     On March 22, 2018, Mr. Dooley received leave approval for FMLA leave from February 28, 2018, through April 9, 2018. Human resources indicated in an email to Mr. Dooley that they understood he would be able to perform all the essential functions of his job beginning April 9, 2018.

11.     On March 25, 2018, Mr. Dooley went to the office to pick something up. Marcus Hicks approached him and asked him, "where his head was at," "[if he] wanted to move on," and stated, "Sometimes it is best to take a break from a company for a while when things might not be going your way. It is better to leave on a good note." Mr. Dooley asked if the company did not want him to return and was told by Mr. Hicks, "Well we're having to make some decisions right now in the best interest of the company. Maybe you don't need to come back." Mr. Dooley asked if he had a job and Mr. Hicks replied, "Well you'll have that account rep job, but you'll have to interview for it."

12.     On March 27, 2018, Mr. Dooley was contacted by an employee still at the company and told that his office was being cleaned out and he was being replaced by someone named Carlos.

13.     On April 2, 2018, Mr. Dooley talked to the CEO of the company, Mike Giaccone and asked him if he was aware that he had been replaced while on FMLA and offered a lower position with a pay cut. Mr. Giaccone told him, "We had to do what was in the best interest of the company because [during his leave] he had not been available to help."

14.     A few minutes after Mr. Dooley's call with Mr. Giaccone, Mr. Dooley received an email confirming that Defendant was offering him a new position.

3

15.     On April 3, 2018, Mr. Dooley submitted an involuntary resignation as to the lower paying positions he had been offered. Upon information and belief, he had been terminated from the position he held prior to FMLA, which was confirmed April 2, 2018 by Defendant's CEO.

16.     Prior to Mr. Dooley taking FMLA, Defendant had not discussed Mr. Dooley taking a demotion at any point. In fact, Mr. Dooley had interviewed several candidates for the position of Account Representative prior to his need for medical leave.

<u>**DISABILITY DISCRIMINATION**</u>

17.     Plaintiff filed an EEOC charge in this case. A Notice of Right to Sue letter was issued to Plaintiff by the EEOC on April 30, 2019. Therefore, Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with the EEOC.

18.     Plaintiff alleges that Defendant discriminated against him and discharged him because of his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq., the Americans with Disabilities Amendments of 2008, Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq.

19.     Plaintiff alleges that Defendant retaliated against him for engaging in a protected activity related to his disability in violation of Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq., the Americans with Disabilities Amendments of 2008, Tennessee Disability Act, T.C.A.§ 8-50-103, and the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq.

20.     At all times relevant herein, Defendant employed over 15 persons.

21.     At all times relevant herein, Mr. Dooley's anxiety and panic attacks constituted a disability, a record of having a disability, or a perceived disability.

22.     When Defendant terminated Plaintiff from his Customer Service Manager position, they discriminated against him on the basis of his disability in regard to discharge of employees,

4

advancement, and other terms or conditions of his employment, in violation of Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq., the Americans with Disabilities Amendments of 2008, Tennessee Disability Act, T.C.A.§ 8-50-103, and the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq.

23.    At all times relevant herein, Defendant was vicariously liable for the actions and conduct of its employees, agents and representatives.

24.    Defendant acted with reckless disregard for Plaintiff's protected rights.

## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

25.    At all times relevant to this complaint, Mr. Dooley was an employee of Defendant within the meaning of the FMLA, 29 U.S.C. §§ 2601 et seq.

26.    At all times relevant to this complaint, Ms. Dooley was an eligible employee under the FMLA, 29 U.S.C. §§ 2601 et seq. He had been employed by defendants for at least twelve months and had worked at least 1,250 hours during the twelve-month period preceding his need for leave.

27.    At all times relevant to this complaint, Defendant was subject to the provisions of the FMLA, 29 U.S.C. §§ 2601 et seq. Upon information and belief, Defendant engaged in commerce or in an industry or activity affecting commerce; Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year; Defendant employed these 50 employees within 75 miles of the worksite.

28.    The FMLA, 29 U.S.C. §§ 2601 et seq., provides an employee with the right to take up to 12 weeks of medical leave in order to address the serious illness of the employee or a family member of the employee. The FMLA prohibits retaliation against an employee for exercising, or attempting to exercise, any rights under the FMLA.

5

29.     Defendant violated the FMLA by retaliating against Mr. Dooley for requesting, applying for, and/or taking medical leave, by harassing him and replacing him while he was on approved FMLA leave.

30.     Defendant violated the FMLA by interfering with or denying Mr. Dooley's right to FMLA and by failing to return Mr. Dooley to the same position he held before taking leave under the FMLA.

## DAMAGES

31.     As a result of Defendant's culpable acts or omissions as set forth herein, Mr. Dooley was improperly discriminated against and retaliated against and is entitled to compensation for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, other non-pecuniary losses, and attorneys' fees and costs. Mr. Dooley is entitled to liquidated damages and/or punitive damages, as allowed by law.

## PRAYER FOR RELIEF:

WHEREFORE, Mr. Dooley respectfully prays for the Court to enter an order:

(a) Adjudicating and declaring Defendants' conduct as set forth above to be a violation of the FMLA;

(b) Adjudicating and declaring Defendants' conduct as set forth above to be a violation of the TDA and/or ADA;

(c) Adjudicating and declaring that Mr. Dooley is entitled compensation in an amount to be determined at trial for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses in an amount to be determined by the jury;

6

(d) Awarding Mr. Dooley liquidated or punitive damages, as available;

(e) Awarding Mr. Dooley reasonable attorneys' fees and costs of this action, and other discretionary costs allowed by law;

(f) For all additional general and equitable relief which is just and proper.

(g) That a JURY be empaneled to try this action.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

By: /s/ R. Ethan Hargraves
     R. Ethan Hargraves; BPR No. 033331
     Joshua R. Ward; BPR No. 031329
     6400 Lee Hwy., Suite 101
     Chattanooga, TN 37421
     (P): 423.697.4529
     (F): 423.634.8886
     josh@masseyattorneys.com
     ethan@masseyattorneys.com
     Attorneys for Plaintiff