UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| MICHAEL TYLER DOOLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-122 |
| | ) | |
| ASSEMBLERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court on Defendant's motion to dismiss for failure to prosecute. [Doc. 45]. As background, this matter involves an employment action alleging disability discrimination and violation of the Family Medical Leave Act. [Doc. 16]. Plaintiff was initially represented in this matter by attorneys from the firm Massey & Associates. [*See* Doc. 1-1 at 3-9; Doc. 16]. On January 2, 2020, Massey & Associates moved to withdraw as counsel for Plaintiff, stating that it was "no longer able to effectively represent plaintiff." [Doc. 38]. United States Magistrate Judge Susan K. Lee conducted a hearing on this motion to withdraw on January 17, 2020. [Doc. 43]. Plaintiff did not file any response to the motion to withdraw and did not appear at the hearing. [*Id.*]. That same day, Judge Lee issued an order granting the motion to withdraw. [Doc. 44]. Judge Lee noted that, at the hearing, Plaintiff's counsel indicated that their motion was the result of substantive issues causing a breakdown in the attorney-client relationship. [*Id.* at 1]. Judge Lee further ordered that, within 14 days of the order, that Plaintiff "either (1) have new

counsel file a notice of appearance on his behalf; or (2) file a written notice informing the Court that he intends to represent himself in this matter." [*Id.* at 2]. Finally, Judge Lee warned Plaintiff as follows: "**PLAINTIFF IS FOREWARNED THAT HIS FAILURE TO FULLY COMPLY WITH THIS ORDER WILL RESULT IN SANCTIONS, INCLUDING BUT NOT LIMITED TO, THE DISMISSAL OF HIS CAUSE OF ACTION WITH PREJUDICE**." [*Id.*].

On February 10, 2020, Defendant filed its motion to dismiss. [Doc. 45]. In a memorandum in support, Defendant contends that, despite serving numerous discovery requests on Plaintiff throughout 2019, Plaintiff had served no written discovery on the Defendant. [Doc. 46]. Defendant argues that Plaintiff has delayed this action and has failed to comply with Judge Lee's January 17 order. Defendant concludes that dismissal is an appropriate sanction. [*Id.*]. Plaintiff was served with the motion to dismiss by certified mail on February 12, 2020. [Doc. 47-1]. Nevertheless, Plaintiff has never filed any response to the pending motion.

On March 12, 2020, this Court issued a show cause order, noting that a month had passed since Defendant filed its motion to dismiss, and Plaintiff had neither complied with Judge Lee's order, nor responded to the pending motion. [Doc. 48]. Accordingly, the Court ordered Plaintiff to show cause in writing, no later than March 25, 2020, as to why this case should not be dismissed for failure to prosecute. The Court specifically warned that "Plaintiff's failure to respond to this Order <u>will</u> result in the dismissal of this action <u>without further notice</u>." [*Id.*]. The show cause deadline has now passed, and Plaintiff has filed no response.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action for failure of the plaintiff to prosecute the claim or to comply with the rules or any order of the court. *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999). The Court considers four factors in determining whether dismissal for failure to prosecute is appropriate. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). Those four factors are: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the defendant was prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *Id.* Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct. *Knoll*, 176 F.3d at 363. To establish the first factor, the plaintiff's conduct must display "either an intent to thwart judicial proceedings or a reckless disregard for the effect" of his conduct on those proceedings. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). As to the second factor, a defendant is prejudiced by the plaintiff's conduct where the defendant wasted time, money, and effort in pursuit of cooperation that the plaintiff legally was obligated to provide. *Schafer*, 529 F.3d at 737.

Plaintiff has clearly failed to comply with the Court's orders. Judge Lee's order, directing Plaintiff to either have counsel file a notice of appearance, or to file a notice of intent to proceed *pro se*, was a simple instruction that required no legal research or knowledge to comply. Plaintiff, however, neither complied with the order, nor requested any extension of time to do so. Moreover, Plaintiff was clearly served with Defendant's

3

motion to dismiss, bringing this failure to his attention, and yet, Plaintiff still has not complied, nor filed any response with the Court, explaining his failure to comply.  Finally, Plaintiff's non-compliance with Judge Lee's order was again brought to his attention by this Court's show cause order, and yet, Plaintiff has nonetheless filed no response.

The Court is left with no option but to dismiss this case for failure to prosecute under Rule 41(b).  As to the first factor, the Court is convinced that, at the least, Plaintiff's behavior displays a reckless disregard for the effect of his conduct on this litigation.  *See Wu,* 420 F.3d at 643.  Defendant's motion to dismiss has been pending with the Court for nearly two months, and Plaintiff has not responded or taken any further action to prosecute this matter.  In fact, Plaintiff has taken no action whatsoever since the Court granted his counsel's motion to withdraw in January.  Moreover, Defendant asserts that, despite its efforts, it has received no written discovery from Plaintiff.  Ultimately, by refusing to inform the Court, or opposing counsel, as to whether he intends to proceed *pro se*, and refusing to respond to opposing counsel's filings and the Court's orders, Plaintiff has left both the Court and the Defendant in a state of limbo with regard to this litigation.  Accordingly, the Court finds that the first factor weighs in favor of dismissal under Rule 41(b).

With regard to the second factor, Plaintiff's conduct has prejudiced Defendant.  Due to Plaintiff's failure to comply with the Court's orders, Defendant has been forced to expend time and money filing a motion to dismiss and serving Plaintiff with that motion.  Moreover, even if Plaintiff were to begin prosecuting this case today, Defendant would be prejudiced by the delay in receiving discovery, and the currently scheduled trial date would
4

need be continued into the next year. Thus, the Court finds that the second factor weighs in favor of dismissal under Rule 41(b).

As to the third factor, Plaintiff has been repeatedly warned that his failure to comply with the Court's orders would result in dismissal of this action. Judge Lee's order provided a clear warning to Plaintiff about this potential sanction, which was emphasized in the text of the order to ensure it was brought to Plaintiff's attention. [Doc. 44 at 2]. Moreover, the undersigned's show cause order specifically informed Plaintiff that his failure to comply with that order *would* result in dismissal without further notice. [Doc. 48]. Thus, the Court concludes that the third factor supports dismissal under Rule 41(b).

Finally, the Court has considered less drastic sanctions, but can conceive of no alternative sanction that would suffice. In light of Plaintiff's repeated failures to respond to any orders of the Court, it appears that no other sanction would be adequate. Thus, the Court concludes that the fourth factor also supports dismissal under Rule 41(b).

Accordingly, in light of Plaintiff's repeated failure to comply with this Court's orders, Defendant's motion to dismiss [doc. 45] is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case.

**IT IS SO ORDERED.**

Enter:

s/ Leon Jordan  
United States District Judge